# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>        Plaintiff,<br><br>  vs.<br><br>RODOLFO AGUIRRE, et al.,<br><br>        Defendants. | 1:12cv01343 AWI DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION<br><br>(Document 13) |

      Plaintiff Bryan E. Ransom ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

      By separate Findings and Recommendations, the Court recommended that this action go forward on numerous claims against numerous Defendants. The objection period has not yet passed and the Findings therefore have not been adopted. As a result, no service order has issued and no Defendants have appeared.

      On July 24, 2014, Plaintiff filed a motion for temporary restraining order and preliminary injunction. Plaintiff seeks an order to ensure that he receives proper and needed medical care for his Hepatitis C.

1

## DISCUSSION

A.  **LEGAL STANDARD**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id.  Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id.  At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir.2006).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court."  Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir.1985) (emphasis added).

B. **ANALYSIS**

In his motion, Plaintiff states that in December 2012, Defendant Clark refused to start his Hepatitis C treatment because Plaintiff was on a hunger strike. Plaintiff contends that Hepatitis C is a progressive and, if left untreated, potentially fatal, disease. He states that it has now been over 30 months and he has yet to receive treatment for his Hepatitis C.

At this stage, the Court does not yet have jurisdiction over any Defendant because they have not yet been served. Therefore, what ever merit there might otherwise be to Plaintiff's requests for a preliminary injunction, at this juncture the Court lacks personal jurisdiction over the Defendants and it cannot issue an order requiring them to take any action. Zenith Radio Corp., 395 U.S. at 110; S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007)

Moreover, Plaintiff has not demonstrated a likelihood of success on the merits, nor has he demonstrated that irreparable harm is likely in the absence of an injunction. While Plaintiff states that Hepatitis C is generally a progressive and potentially fatal disease, he does not explain how he has been impacted by the alleged lack of treatment, nor has he submitted any medical records to substantiate his claim. Plaintiff's lay opinion regarding his medical condition is not admissible evidence.

## RECOMMENDATION

For these reasons, the Court RECOMMENDS that Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate

Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 10, 2014**                    /s/ *Dennis L. Beck*
                                                                UNITED STATES MAGISTRATE JUDGE