# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>            Plaintiff,<br><br>     vs.<br><br>C. McCABE, et al.,<br><br>            Defendants. | 1:13cv01779 AWI DLB PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(Document 15) |

Plaintiff Bryan E. Ransom ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action.[1]  Plaintiff filed this action on November 5, 2013.

On March 26, 2014, the Court screened Plaintiff's complaint and found that it stated certain cognizable claims.  The Court ordered Plaintiff to either file an amended complaint, or notify it of his willingness to proceed only on the cognizable claims.

---

[1] Pursuant to Court order dated June 9, 2010, Plaintiff was deemed to be a prisoner with three strikes or more and therefore unable to proceed in forma pauperis.  28 U.S.C. § 1915(g).  However, on December 19, 2013, the Court determined that Plaintiff met the imminent danger exception for purposes of 1915(g).

On July 10, 2014, Plaintiff filed a First Amended Complaint ("FAC"). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 11, 2014, the Court issued Findings and Recommendations that this action go forward on certain claims, and that the remaining claims and Defendants be dismissed. Plaintiff filed objections on October 9, 2014.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds that the Findings and Recommendations are supported by the record and by proper analysis.

Plaintiff objects only to the Magistrate Judge's finding that his due process and access to courts claims were not properly joined in this action. In support of his argument, Plaintiff cites Andrews v. Cervantes, 493 F.3d 1047 (9th Cir. 2007). He suggests that Andrews stands for the proposition that all claims, no matter their relation, are permitted to go forward once a prisoner qualifies for the imminent danger exception for purposes of 1915(g).

Plaintiff is correct insofar as Andrews requires that an entire complaint be *filed* once an exception is found, even if all claims do not involve allegations of serious physical injury. Andrews, 493 F.3d at 1054. However, he misunderstands the limits of the holding, and the procedural difference between meeting the imminent danger exception of 1915(g) and stating a claim for relief.

Here, pursuant to Andrews, the Court docketed the entire complaint because some of Plaintiff's allegations met the imminent danger exception to 1915(g). Once the complaint was

filed, however, it was still subject to the screening requirement of 1915(A)(a).  The two procedural hurdles are mutually exclusive.  Indeed, the Andrews court explained:

> Our holding is quite narrow:  We hold only that the district court should have accepted Andrews's lawsuit without demanding an upfront $350 payment based on the allegations appearing on the face of the complaint.  We express no opinion on the proper treatment of the complaint once it is docketed—and quite properly so, because the three-strikes rule is a screening device that does not judge the merits of prisoners' lawsuits.

Id. at 1050.

Plaintiff's argument is therefore without merit.  The determination that Plaintiff met the imminent danger exception under 1915(g) did not prohibit the Magistrate Judge from screening his complaint, and finding that certain claims were not properly joined under Federal Rules of Civil Procedure 18 and 20.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed September 11, 2014 are ADOPTED in full;
2. This action go forward on the following claims: (a) retaliation in violation of the First Amendment against Defendants Molina, Torres, Quillen, Hayward, Brooks, Gill, CO J. Faldon, Riley, Rocha, McCabe, Strome, Sao, Rouch, Dougherty, Nurse J. Faldon, Kaiser, Herrera, Clark and Does 1-30; (b) inhumane conditions of confinement in violation of the Eighth Amendment against Defendants Molina, Torres, Quillen, Hayward, CO J. Faldon, Riley, Rocha, McCabe and Does 1-10, 21-30 and 31-40; (c) deliberate indifference to a serious medical need in violation of the Eighth Amendment against Defendants Strome, Brooks, Sao, Gill, Rouch, Nurse J. Faldon, Herrera, Dougherty, Kaiser, Clark and Does 11-20; (d) negligence against Defendants CO J. Faldon, Molina, Torres, Quillen, Hayward, Riley, Rocha, McCabe, Strome, Brooks, Sao, Gill, Rouch, Nurse J. Faldon,

Herrera, Dougherty, Kaiser, Clark and Does 1-30; (e) intentional infliction of emotional distress against Defendants CO J. Faldon, Molina, Torres, Quillen, Hayward, Riley, Rocha, McCabe, Strome, Brooks, Sao, Gill, Rouch, Nurse J. Faldon, Herrera, Dougherty, Kaiser, Clark and Does 1-30 and (f) medical malpractice against Defendants Sao, Brooks, Gill, Strome, Rouch, Nurse J. Faldon, Herrera, Dougherty, Kaiser, Clark and Does 11-20; and

3. All other claims, and Defendants Hubbard, Speer, Marshall, Albritton, Macias, Lopez, Gibson, Klass and Beregovskya are DISMISSED.

IT IS SO ORDERED.

Dated:   October 29, 2014

SENIOR DISTRICT JUDGE