# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>         Plaintiff,<br><br>    vs.<br><br>C. McCABE, et al.,<br><br>         Defendants. | ) 1:13cv01779 AWI DLB PC<br>)<br>)<br>) ORDER DENYING PLAINTIFF'S<br>) MOTION FOR APPOINTMENT OF<br>) COUNSEL AND FOR APPOINTMENT OF<br>) MEDICAL EXPERT<br>)<br>) (Document 19-2)<br>) |

Plaintiff Bryan E. Ransom ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action.[1]  Plaintiff filed this action on November 5, 2013.

On October 29, 2014, the Court adopted the Magistrate Judge's Findings and Recommendations that this action go forward on certain claims, and that the remaining claims and Defendants be dismissed.

---

[1] Pursuant to Court order dated June 9, 2010, Plaintiff was deemed to be a prisoner with three strikes or more and therefore unable to proceed in forma pauperis. 28 U.S.C. § 1915(g). However, on December 19, 2013, the Court determined that Plaintiff met the imminent danger exception for purposes of 1915(g).

1

On November 5, 2014, Plaintiff filed a motion for the appointment of counsel and for the appointment of a medical expert.[2]

**A.** **Motion for Counsel**

Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.

Plaintiff also states that he has been diagnosed with bipolar disorder and clinical depression. However, his medical diagnoses, alone, do not warrant appointment of counsel. A review of Plaintiff's pleadings reveals that he has been able to adequately present his claims, file motions on his behalf and oppose motions filed by Defendants.

This Court is faced with similar cases almost daily. Therefore, Plaintiff's request for the appointment of counsel is HEREBY DENIED.

---

[2] The filing also included a motion for reconsideration, which will be addressed by separate order. Plaintiff also submitted the same requests in his other action pending before this Court, 1:12-cv-01343 AWI DLB PC.

B. **<u>Motion for Appointment of Medical Expert</u>**

Plaintiff requests the appointment of a medical expert to opine on (1) his mental illness; and (2) the issues in this action relating to his hunger strike and denial of Hepatitis C treatment.

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise," Fed. R. Evid. 702, and the Court has the discretion to appoint an expert and to apportion costs, including the apportionment of costs to one side, Fed. R. Evid. 706; *Ford ex rel. Ford v. Long Beach Unified School Dist.*, 291 F.3d 1086, 1090 (9th Cir. 2002); *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). However, at this stage in the proceedings, there are no pending matters in which the Court requires special assistance, *Ford ex rel. Ford*, 291 F.3d at 1090; *Walker*, 180 F.3d at 1071. The Court's docket is comprised of an overwhelming number of civil rights cases filed by prisoners proceeding pro se and in forma pauperis, and the facts of this case are no more extraordinary and the legal issues involved no more complex than those found in the majority of the cases now pending before the Court. *Wilds v. Gines, No.*, 2011 WL 737616, at *4 (N.D. Cal. 2011); *Honeycutt v. Snider*, 2011 WL 6301429, at *1 (D. Nev. 2011).

Moreover, insofar as Plaintiff seeks an expert regarding his mental health issues, those issues are not necessarily relevant to the claims before the Court.

Plaintiff also recognizes that Rule 706 is not a means to avoid the in forma pauperis statute and its prohibition against using public funds to pay for the expenses of witnesses. *Manriquez v. Huchins,* 2012 WL 5880431, at *12 (E.D. Cal. 2012) (quotation marks and citations omitted). He requests that the Court appoint counsel, and then counsel can obtain an expert. However, the Court is not appointing counsel at this time. Even if the Court appointed counsel, it could not compel counsel to obtain an expert witness.

Accordingly, Plaintiff's motions for the appointment of counsel and for the appointment of an expert witness are DENIED.

IT IS SO ORDERED.

Dated:   **November 11, 2014**               /s/ *Dennis L. Beck*
                                                                  UNITED STATES MAGISTRATE JUDGE