# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| BRYAN E. RANSOM, | ) 1:13cv01779 AWI DLB PC |
| Plaintiff, | ) FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS |
| vs. | ) (Document 31) |
| C. McCABE, et al., | ) THIRTY-DAY OBJECTION DEADLINE |
| Defendants. | ) |

Plaintiff Bryan E. Ransom ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on November 5, 2013. He filed a First Amended Complaint ("FAC") on July 10, 2014. This action proceeds against numerous Defendants for violation of the First and Eighth Amendments, as well as causes of action under state law.

On February 13, 2015, Defendants[1] filed a motion to dismiss a majority of the state law claims for failure to comply with the California Government Claims Act. Plaintiff opposed the motion on March 12, 2015, and Defendants filed their reply on March 19, 2015. The motion is ready for decision pursuant to Local Rule 230(l).

---

[1] Defendants Strome and Herrera have not yet been served. Defendant Brooks has been served, but has not made an appearance.

1

## I.  LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), *cert. denied*, 132 S.Ct. 1762 (2012).  In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

However, courts may properly consider matters subject to judicial notice and documents incorporated by reference in the pleading without converting the motion to dismiss to one for summary judgment. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Under the doctrine of incorporation by reference, a court may consider a document provided by the defendant which was not attached to the pleading if the plaintiff refers to the document extensively or if it forms the basis of the plaintiff's claim. *Ritchie*, 342 F.3d at 908; *also Daniels-Hall*, 629 F.3d at 998.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party, *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996-97; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, prisoners proceeding pro se are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012);

*Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

## II.     **EXHAUSTION REQUIREMENT**

Under the California Government Claims Act (the "Act"), set forth in California Government Code sections 810 *et seq.*, a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board (the "Board"), and the Board acted on the claim, or the time for doing so expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455 (1974) (citations omitted). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde),* 32 Cal.4th 1234, 1244 (2004). Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id*. at 1239 (fn. omitted).

Consistently, federal courts require compliance with the Act for pendant state law claims that seek damages against state public employees or entities. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.1969); *Mangold v. California Pub. Util. Comm'n*, 67 F.3d 1470, 1477 (9th Cir.1995). State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were first presented to the state in compliance with the claim presentation requirement. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir.1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D.Cal.2008).

## III. ANALYSIS

Defendants move to dismiss Plaintiff's state law claims for negligence, intentional infliction of emotional distress and medical malpractice against all Defendants except for Defendant Clark, based on Plaintiff's alleged failure to properly file a claim with the Board.[2]

The allegations in Plaintiff's FAC relate to his October 2012 solid-food hunger strike and subsequent medical care. In his FAC, Plaintiff contends that he "presented his state tort claims herein to the California Victim Compensation and Government Claims Board," but they were "summarily denied." ECF No. 10, at 3.

In support of their motion, Defendants present three claims submitted to the Board- claims G615407, G610412 and G610438.[3] They argue that these claims exhaust only the claims against Defendant Clark, and do not relate to any other state law claims in Plaintiff's FAC.

Plaintiff opposes the motion by arguing that on April 10, 2013, he submitted two separate claims to the Board to the Third Watch Officer. The claims were in a single prepaid envelope addressed to the Board. Pl.'s Decl. ¶ 2, Ex. A and B.[4] One claim addressed the daily withholding of state issued meals during Plaintiff's solid-food hunger strike between October 13, 2012, and January 22, 2013, and the other claim addressed inadequate medical treatment between October 13, 2012, and January 22, 2013. Pl.'s Decl. ¶¶ 3-4. Plaintiff contends that the Board did not respond to either claim within 45 days, and they were consequently denied on May 25, 2013, pursuant to California Government Code sections 912.4 and 912.4(c). Pl.'s Decl. ¶ 5. Plaintiff states that he did not become aware of prison officials' failure to mail his claims until Defendants filed this motion to dismiss in February 2015. Pl.'s Decl. ¶ 6.

---

[2] Defendants concede that G610438 exhausted his claim against Defendant Clark for withholding Hepatitis C treatment.

[3] Defendants' request for judicial notice of these records is GRANTED. Fed. R. Evid. 201(b)(2).

[4] In Plaintiff's briefing and declaration, he states the date as April 10, 2012. However, the documents attached to his declaration show a signature date of April 10, 2013, and it appears that Plaintiff's reference to 2012 is a typographical error.

Plaintiff's contention that he submitted two claims on April 10, 2013, but that they were never mailed, raises a credibility issue that goes beyond the analysis of a motion to dismiss.[5] While the Court notes that Plaintiff's claim is questionable, the Court cannot make such a credibility determination with the bounds of this motion. *See Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014).

In their reply, Defendants fault Plaintiff for relying on new evidence and facts outside the face of the complaint. However, where Plaintiff alleged compliance in his FAC, Plaintiff's statements further explaining his "compliance" are not outside of the operative pleading.

Defendants also argue that Plaintiff's statement in his FAC that his claims were "summarily denied" directly contradicts the statement in his opposition that "he did not know that his claims were not received." ECF No. 35, at 3. However, Plaintiff stated that he did not know that *prison officials failed to mail his claims* until Defendants' motion. He did not state, as Defendants suggest, that he was unaware that his claims were not received. Given Plaintiff's actual statement, it does not necessarily contradict his statement in his FAC that his claims were summarily denied. Indeed, at the time Plaintiff filed this action in November 2013, he would have known that he had not received a response, and he therefore deemed the claims summarily denied. The only fact that he purportedly did not know at the time was the alleged reason for the failure to respond.

Finally, Defendants argue that Plaintiff's contention in the FAC does not meet the pleading requirement because he did not pled that the Board failed to respond to his claim, or that the prison officials fails to mail it. Stating that the claims were "summarily denied," as Plaintiff did, is not distinctly different than stating that the Board failed to respond. California Government Code section 911.6(c) states that if the "board fails or refuses to act on an

---

[5] The Court was faced with the same issue in Plaintiff's first hunger-strike case, 1:12-cv-01343-AWI-DLB, and the Court denied Defendants' motion to dismiss on similar grounds. ECF No. 67. After Defendants filed a motion for partial summary judgment on the issues, the Court issued Findings and Recommendations that Defendants' motion be denied pending an evidentiary hearing. The time for filing objections to the Findings and Recommendations has not yet passed.

5

application within the time prescribed by this section, the application shall be deemed to have been *denied* on the 45th day. . ." (emphasis added).  As to Plaintiff's failure to allege that prison officials failed to mail his claims, he declares that he did not know of the failure until Defendants' February 2015 motion.

Plaintiff need only allege compliance in his FAC, and while his credibility is at issue and not properly before the Court, it does not alter the fact that he has satisfied the pleading requirements.  *Shirk v. Vista Unified Sch. Dist*., 42 Cal.4th 201, 208-09 (Cal. 2007); *Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs.,* 237 F.3d 1101, 1111 (9th Cir. 2001).

### IV.     FINDINGS AND RECOMMENDATIONS

Based on the above, the Court recommends that Defendants' motion to dismiss be DENIED WITHOUT PREJUDICE.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies may be filed within fourteen (14) days of the date of service of any objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 2, 2015**            /s/ *Dennis L. Beck*
                                                          UNITED STATES MAGISTRATE JUDGE