# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>      Plaintiff,<br><br>  v.<br><br>STROME, et al.,<br><br>      Defendants. | Case No. 1:13-cv-01779-DAD-DLB PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME TO SERVE INITIAL DISCLOSURES<br>(Document 54)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO MODIFY DISCOVERY AND SCHEUDLING ORDER<br>(Document 55) |

      Plaintiff Bryan E. Ransom is a prisoner proceeding pro se and in forma pauperis in this civil rights action.

      The Court issued a Discovery and Scheduling Order on November 10, 2015. Pursuant to the order, initial disclosures were due on December 28, 2015. Motions based on failure to exhaust are due on February 8, 2016, the deadline to amend is March 9, 2016, the discovery deadline is April 8, 2016, and dispositive motions are due by June 7, 2016.

      At this time, not all Defendants have appeared in this action.

      On January 22, 2016, Plaintiff filed a motion to extend time to serve his initial disclosures.

      On January 26, 2016, Defendants filed a motion to modify the Discovery and Scheduling Order.

1

The Court deems the matters suitable for decision without further briefing. Local Rule 230(l).

**DISCUSSION**

Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking the modification." *Johnson*, 975 F.2d at 609. "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609).

Plaintiff requests additional time to file his initial disclosures because his legal property was confiscated after an evidentiary hearing in his other action in this Court, and he therefore missed the December 28, 2015, deadline.

Defendants acknowledge Plaintiff's request for additional time and do not oppose it. Rather, they request a sixty-day extension of the exhaustion deadline and the dispositive motion deadline based on Plaintiff's failure, and because (1) they have propounded exhaustion-related discovery that will not be due prior to the February 8, 2016, exhaustion-motion deadline; and (2) not all Defendants have appeared in this action.

The Court finds that good cause exists and the motions are GRANTED. The Court will (1) extend time for Plaintiff's initial disclosures; and (2) extend the remaining deadlines by sixty-days.[1]

///
///
///
///
///

---

[1] Although Defendants request an extension of only the exhaustion motion and dispositive motion deadline, the Court will extend the deadline to amend and the discovery deadline, as well.

The new dates are as follows:

| | |
|---|---|
| Plaintiff's initial disclosures: | February 29, 2016 |
| Motions based on exhaustion: | April 8, 2016 |
| Deadline to amend: | May 9, 2016 |
| Discovery deadline: | June 8, 2016 |
| Dispositive motion deadline: | August 8, 2016 |

IT IS SO ORDERED.

Dated:   **January 29, 2016**             /s/ *Dennis L. Beck*
                                                          UNITED STATES MAGISTRATE JUDGE