# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM<br><br>    Plaintiff,<br><br>    v.<br><br>STROME, et al.,<br><br>    Defendants. | Case No. 1:13-cv-01779-DAD-DLB PC<br><br>ORDER REGARDING DEFENDANTS' MOTION TO MODIFY DISCOVERY AND SCHEUDLING ORDER<br><br>(Document 74) |

Plaintiff Bryan E. Ransom is a prisoner proceeding pro se and in forma pauperis in this civil rights action.

Pursuant to the Discovery and Scheduling Order and subsequent modifications, the current dates for Defendants Clark, Dougherty, Faldon, Gill, Hayward, Herrera, Kaiser, McCabe, Molina, Quillen, Riley, Rocha, Rouch, Sao, and Torres[1] are as follows: the deadline to amend is May 9, 2016, the discovery deadline is June 8, 2016, and dispositive motions are due by August 8, 2016.

On April 8, 2016, these Defendants filed a motion for partial summary judgment based on exhaustion. The motion is pending.

On April 27, 2016, Defendants Clark, Dougherty, Faldon, Gill, Hayward, Herrera, Kaiser, McCabe, Molina, Quillen, Riley, Rocha, Rouch, Sao, and Torres filed a motion to vacate the dates in the Discovery and Scheduling Order and stay discovery until resolution of the pending motion to

---

[1] Defendant Strome is represented by separate counsel and has slightly different deadlines.

1

dismiss.  The Court deems the matters suitable for decision without further briefing.  Local Rule 230(l).

## DISCUSSION

Modification of the pretrial scheduling order requires a showing of good cause.  Fed. R. Civ. P. 16(b)(4).  "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking the modification."  *Johnson*, 975 F.2d at 609.  "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted."  *Zivkovic*, 302 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609).

Here, Defendants Clark, Dougherty, Faldon, Gill, Hayward, Herrera, Kaiser, McCabe, Molina, Quillen, Riley, Rocha, Rouch, Sao, and Torres request that the Court vacate the dates in the Discovery and Scheduling Order and stay discovery until it is clear which claims survive the exhaustion challenge.  Defendants state that if the partial motion for summary judgment is granted, it will greatly narrow the claims remaining in this action.  It appears that the parties have been conducting discovery in this matter, which would further limit the discovery necessary after the ruling on summary judgment.

Where there are claims that will remain after an exhaustion challenge, the Court does not always grant a motion to stay discovery.  In this action, however, approximately eleven Defendants would be dismissed if the claims against them are found to be unexhausted, and a stay would avoid a large amount of potentially unnecessary discovery.  Moreover, the parties have already engaged in some degree of discovery, and a stay at this time will not severely prejudice Plaintiff.[2]

///

///

---

[2] In the November 10, 2015, Discovery and Scheduling Order, the Court explained that if the parties believe that discovery related to exhaustion is necessary, they may request such discovery pursuant to Rule 56(d) within thirty days of the date of service of any motion for summary judgment related to exhaustion.

Accordingly, Defendants' motion is GRANTED. The Court VACATES the dates in the January 29, 2016, order modifying the Discovery and Scheduling Order.[3] Once the Court rules on the pending motion for summary judgment, it will issue an amended scheduling order allowing additional time for discovery related to the remaining claims.

IT IS SO ORDERED.

Dated:   **May 4, 2016**                                    **/s/ Sandra M. Snyder**
                                                                            UNITED STATES MAGISTRATE JUDGE

---

[3] Defendant Strome did not join in this motion, and the dates is the April 11, 2016, order remain applicable at this time.