1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   BRYAN E. RANSOM                        | Case No. 1:13-cv-01779-DAD-DLB PC

12           Plaintiff,                     | ORDER REGARDING DEFENDANT
                                            | STROME'S MOTION TO MODIFY
13       v.                                 | DISCOVERY AND SCHEUDLING ORDER

14   STROME, et al.,                        | (Document 77)

15           Defendants.

16

17        Plaintiff Bryan E. Ransom is a prisoner proceeding pro se and in forma pauperis in this civil

18   rights action.

19        The Court issued a Discovery and Scheduling Order on November 10, 2015.

20        Defendants Clark, Dougherty, Faldon, Gill, Hayward, Herrera, Kaiser, McCabe, Molina,

21   Quillen, Riley, Rocha, Rouch, Sao, and Torres filed a motion for partial summary judgment on April

22   8, 2016.  The motion is pending.

23        On May 4, 2016, the Court granted Defendants' motion to vacate the dates in the Discovery

24   and Scheduling Order and stay discovery until resolution of the pending motion for partial summary

25   judgment.  The dates were not vacated as to Defendant Strome because, at that time, she was not a

26   party to the motion.

27   ///

28   ///

1    On May 6, 2016, Defendant Strome joined in the pending motion for partial summary

2 judgment.

3    Defendant Strome requested that the Court stay discovery on May 20, 2016.  The Court

4 deems the matter suitable for decision without further briefing.  Local Rule 230(l).

5                                    **DISCUSSION**

6    Modification of the pretrial scheduling order requires a showing of good cause.  Fed. R. Civ.

7 P. 16(b)(4).  "The schedule may be modified 'if it cannot reasonably be met despite the diligence of

8 the party seeking the extension.'" *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087

9 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

10 "Although the existence or degree of prejudice to the party opposing the modification might supply

11 additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for

12 seeking the modification." *Johnson*, 975 F.2d at 609.  "If the party seeking the modification 'was

13 not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic*, 302

14 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609).

15    Defendant Strome has now joined in the pending motion for partial summary judgment, and

16 the Court finds good cause to vacate the dates applicable to her in the April 11, 2016, order.  As the

17 Court noted in the May 4, 2016, order, if the partial motion for summary judgment is granted, it will

18 greatly narrow the claims remaining in this action and avoid a large amount of potentially

19 unnecessary discovery.  A stay at this time will not severely prejudice Plaintiff.[1]

20    Accordingly, Defendant Strome's motion is GRANTED.  The Court VACATES the dates in

21 the April 11, 2016, order modifying the Discovery and Scheduling Order.  Once the Court rules on

22 the pending motion for partial summary judgment, it will issue an amended scheduling order

23 allowing additional time for discovery related to the remaining claims.
IT IS SO ORDERED.

24

25   Dated:   **May 24, 2016**              **/s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE

26

27
_____

28 [1] In the November 10, 2015, Discovery and Scheduling Order, the Court explained that if the parties believe that discovery related to exhaustion is necessary, they may request such discovery pursuant to Rule 56(d) within thirty days of the date of service of any motion for summary judgment related to exhaustion.

2