UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>        Plaintiff,<br><br>    v.<br><br>McCABE, et al.,<br><br>        Defendants. | No. 1:13-cv-01779-DAD-GSA (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING MOTION FOR SUMMARY JUDGMENT IN PART, AND REFERRING MOTION BACK TO MAGISTRATE JUDGE IN PART<br><br>(Doc. Nos. 72, 79) |

        Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On April 8, 2016, a motion for summary judgment was filed on behalf of defendants Clark, Dougherty, Faldon, Gill, Hayward, Herrera, Kaiser, McCabe, Molina, Quillen, Riley, Rocha, Rouch, Sao, and Torres. (Doc. No. 72.) The motion was based upon the contention that plaintiff had failed to exhaust his administrative remedies prior to filing suit as required. (*Id*.) On May 6, 2016, defendant Strome joined in that motion. (Doc. No. 76.)[1] Plaintiff filed no opposition to the motion. On August 23, 2016, the then assigned magistrate judge issued findings

---

[1] The court notes that defendant Brooks has been served but has not yet appeared in this action. (Doc. No. 39.)

1

and recommendations, recommending that defendants' motion for partial[2] summary judgment be granted.  (Doc. No. 79.)

Specifically, the magistrate judge found that defendants had not sought summary judgment in their favor as to plaintiff's Eighth Amendment medical claims against defendants Strome, Sao, Gill, and Rouch.  (Doc. No. 79 at 9 n.6.)  Moreover, the magistrate judge concluded that defendants had also not moved for summary judgment with respect to plaintiff's state law claims and, in fact, had presented no argument as to those state law claims.  (Doc. No. 79 at 1, 12 n.7.)  Accordingly, the findings and recommendations recommended that partial summary judgment be granted and that the following claims presented by plaintiff's complaint be dismissed without prejudice for failure to exhaust administrative remedies prior to filing suit:  1) the First Amendment retaliation claim against defendants Dougherty, Faldon, Gill, Hayward, Herrera, Kaiser, McCabe, Molina, Quillen, Riley, Rocha, Rouch, Sao, Torres and Strome; 2) the Eighth Amendment conditions of confinement claim against Defendants Faldon, Hayward, McCabe, Molina, Quillen, Riley, Torres and Rocha; and 3) the Eighth Amendment medical care claim against Defendants Faldon, Dougherty, Herrera and Kaiser.  (Id. at 12.)  The findings and recommendations provided for any party to file objections thereto within thirty days and replies to any objections to be filed within ten days thereafter.  (Id.)

On September 21, 2016, objections to the findings and recommendations were filed on behalf of all defendants except defendant Strome.  (Doc. No. 81.)  Therein, defendants argued that they had indeed asserted a failure to exhaust challenge as to plaintiff's state law claims in their motion for summary judgment.[3]  Neither plaintiff nor defendant Strome filed objections to

/////

---

[2]  Although they did not specifically seek summary judgment in their favor as to all of plaintiff's claims on the grounds argued, defendants did not label their motion as one seeking only partial summary judgment.  The failure to do so has resulted in significant confusion.

[3]  Notably, defendants did not object to the magistrate judge's conclusion that they had not sought summary judgment as to plaintiff's Eighth Amendment medical care claims against defendants Strome, Sao, Gill, and Rouch.  (*See* Doc. No. 79 at 9 n.6.)   Accordingly, this action proceeds with respect to those claims.

the findings and recommendations nor did they reply to the objections filed on behalf of the other defendants, and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, the undersigned has conducted a *de novo* review of this case. Having done so, the undersigned observes that defendants' motion for summary judgment did include a discussion of California law related to the administrative exhaustion requirement. (Doc. No. 72-1 at 13.) However, defendants' motion failed to provide any analysis of the exhaustion requirement under state law. (*Id.* at 14–20.) While the defendants may have intended to contest plaintiff's administrative exhaustion of his state law claims through their motion for summary judgment, they did not clearly do so. The undersigned agrees with the findings and recommendation and finds them supported by the record and proper analysis. Those findings and recommendations will therefore be adopted. However, the matter will be referred to the newly assigned magistrate judge for consideration of whether plaintiff properly exhausted his state law claims prior to filing suit. In doing so, the undersigned expresses no opinion regarding whether defendants have carried their burden on summary judgment in this regard, or whether further briefing on this issue is necessary and appropriate.

For all of the reasons set forth above:

1. The findings and recommendations issued on August 23, 2016 (Doc. No. 79) are adopted;

2. Defendants' motion for partial summary judgment due to plaintiff's failure to exhaust his administrative remedies prior to filing suit (Doc. No. 72) is granted in part and referred back to the assigned magistrate judge for further proceedings in part;

3. The following claims are dismissed without prejudice as having not been exhausted prior to filing suit:

   (a) Plaintiff's First Amendment retaliation claim against defendants Dougherty, Faldon, Gill, Hayward, Herrera, Kaiser, McCabe, Molina, Quillen, Riley, Rocha, Rouch, Sao, Torres, and Strome;

/////

(b) Plaintiff's Eighth Amendment conditions of confinement claim against defendants Faldon, Hayward, McCabe, Molina, Quillen, Riley, Torres, and Rocha; and

(c) Plaintiff's Eighth Amendment medical claim against defendants Faldon, Dougherty, Herrera, and Kaiser.

IT IS SO ORDERED.

Dated:  **November 8, 2016**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE