# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM, <br><br> Plaintiff, <br><br> vs. <br><br> McCABE, et al., <br><br> Defendants. | 1:13-cv-01779-DAD-GSA-PC <br><br> ORDER GRANTING DEFENDANTS LEAVE TO PROVIDE FURTHER BRIEFING ON EXHAUSTION OF STATE LAW CLAIMS, WITHIN THIRTY DAYS |

**I.  BACKGROUND**

Bryan E. Ransom ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on November 5, 2013.  (ECF No. 1.)  The case now proceeds with the First Amended Complaint filed on July 10, 2014, on Plaintiff's First Amendment claims for retaliation, Eighth Amendment claims for inadequate medical care and inhumane conditions of confinement, and state law claims for negligence, intentional infliction of emotional distress, and medical malpractice.  (ECF No. 10.)

On November 9, 2016, the court issued an order granting in part the motion for partial summary judgment filed by defendants McCabe, Clark, Gill, Sao, Rouch, Herrera, Dougherty, C/O J. Faldon, Kaiser-Smotherman, Molina, Torres, Quillen, Riley, Rocha, Hayward, and

1

Strome[1] (collectively, "Defendants"). (ECF No. 82.) The order dismissed the following claims without prejudice as having not been exhausted prior to filing suit: (a) Plaintiff's First Amendment retaliation claim against defendants Dougherty, Faldon, Gill, Hayward, Herrera, Kaiser, McCabe, Molina, Quillen, Riley, Rocha, Rouch, Sao, Torres, and Strome; (b) Plaintiff's Eighth Amendment conditions of confinement claim against defendants Faldon, Hayward, McCabe, Molina, Quillen, Riley, Torres, and Rocha; and (c) Plaintiff's Eighth Amendment medical claim against defendants Faldon, Dougherty, Herrera, and Kaiser. (ECF No. 82 at 3-4.)

With respect to Plaintiff's state law claims, the court found:

> [D]efendants' motion for summary judgment did include a discussion of California law related to the administrative exhaustion requirement. (Doc. 72-1 at 13.) However, defendants' motion failed to provide any analysis of the exhaustion requirement under state law. (*Id.* at 14-20.) While the defendants may have intended to contest plaintiff's administrative exhaustion of his state law claims through their motion for summary judgment, they did not clearly do so.

(Id. at 3:5-10.)

The case was referred back to the undersigned Magistrate Judge for further proceedings, including consideration of whether Plaintiff properly exhausted his state law claims prior to filing suit. (Id. at 3:12-13.) At this juncture, Defendants shall be granted leave to file further briefing on this issue, if they so wish, within thirty days.

## II. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants are granted leave to file further briefing on the issue of whether Plaintiff properly exhausted his state law claims prior to filing suit, if they so wish, within thirty days of the date of service of this order;

2. Plaintiff's response to Defendants' briefing, if any, is due within thirty days of the date the briefing is filed; and

///

---

[1] Defendant Strome joined the motion for summary judgment on May 6, 2016. (ECF No. 76.)

3. Defendants' reply to Plaintiff's response, if any, is due within ten days of the date the response is filed.

IT IS SO ORDERED.

Dated: **September 19, 2017**         **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE