# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>McCABE, et al.,<br><br>　　　　Defendants. | 1:13-cv-01779-DAD-GSA-PC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS DOE DEFENDANTS FROM THIS ACTION UNDER RULE 4(m)<br>(ECF No. 89.)<br><br>OBJECTIONS, IF ANY, DUE IN FOURTEEN (14) DAYS |

## I. BACKGROUND

Bryan E. Ransom ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.

On September 19, 2017, the court issued an order requiring Plaintiff to respond in writing within thirty days, showing cause why the Doe Defendants should not be dismissed from this action for Plaintiff's failure to identify them for service of process. (ECF No. 89.) The thirty-day time period has now expired, and Plaintiff has not responded to the court's order to show cause.

## II. SERVICE BY UNITED STATES MARSHAL

Pursuant to Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that

1

> defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U. S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990)). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's *sua sponte* dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In light of Plaintiff's failure to show cause why the Doe Defendants should not be dismissed from this action, and Plaintiff's failure to identify the Doe Defendants for service of process, the Doe Defendants should be dismissed from this action under Rule 4(m).

## III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the court **HEREBY RECOMMENDS** that the Doe Defendants be dismissed from this action under Rule 4(m) based on Plaintiff's failure to identify them for service of process.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** from the date of service of these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be

served and filed within **fourteen (14) days** after the date the objections are filed. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated: **October 27, 2017**                      **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE