1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRYAN E. RANSOM,                      No. 1:13-cv-01779-DAD-GSA

12              Plaintiff,

13        v.                                ORDER DECLINING TO ADOPT FINDINGS
                                            AND RECOMMENDATIONS AND
14   E. CLARK, et al.,                      ORDERING THE CLERK OF THE COURT
                                            TO ACCEPT AND PROCESS PREVIOUSLY
15              Defendants.                 SUBMITTED USM-285 FORM

16                                          (Doc. No. 95)

17

18        Plaintiff Bryan E. Ransom is a state prisoner proceeding pro se and *in forma pauperis*

19   with this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United

20   States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21        On December 7, 2017, the assigned magistrate judge issued findings and

22   recommendations recommending that this action be dismissed due to plaintiff's failure to comply

23   with the court's order of November 2, 2017.  (Doc. No. 95.)  Plaintiff was granted fourteen (14)

24   days in which to file objections to the findings and recommendations.  Plaintiff has not filed

25   objections and the time in which to do so has now passed.

26        In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, the

27   undersigned has conducted a *de novo* review of this case.  Having carefully reviewed the entire

28   file, the undersigned declines to adopt the findings and recommendations.

                                             1

The confusion rampant throughout this case has been introduced by all sides here.  On April 8, 2016, defendants moved for summary judgment on the grounds that plaintiff had failed to exhaust his administrative remedies prior to filing suit, but sought summary judgment on only certain of plaintiff's claims.  (Doc. No. 72.)  The then-assigned magistrate judge recommended on August 23, 2016 that the motion be granted but that only those claims specifically listed in the motion for summary judgment be dismissed from the action.  (Doc. No. 79.)  Defendants objected to this, asserting they had moved, or intended to move, for summary judgment on all of plaintiff's claims.  (Doc. No. 81.)  The undersigned considered these objections, but found defendants had not clearly moved for summary judgment on all of plaintiff's claims.  (Doc. No. 82.)  Accordingly, on November 9, 2016, the undersigned adopted the findings and recommendations and referred the matter back to a newly-assigned magistrate judge, as the prior magistrate judge had, by this point, retired.  (*Id.*)

The newly-assigned magistrate judge then noted a different issue with this case related to service, namely that plaintiff had named two different defendants with the exact same name, a correctional officer named J. Faldon and a nurse named J. Faldon.  (Doc. No. 83.)  Defense counsel had already appeared in this matter representing a J. Faldon, but it was unclear which J. Faldon defense counsel represented, or whether counsel represented both defendants by that name.  (*Id.*)  Therefore, the magistrate judge sought clarification from defense counsel on August 15, 2017 as to the identity of their client.  (*Id.*)  On September 14, 2017, defense counsel responded, explaining that Correctional Officer Faldon had appeared in the case and that defense counsel did not represent Nurse Faldon.  (Doc. No. 86.)  Therefore, on September 15, 2017, the magistrate judge ordered that service on Nurse Faldon was also appropriate and that plaintiff be sent service documents for completion so that the United States Marshals could serve Nurse Faldon.  (Doc. No. 86.)  Plaintiff was required to return those service documents within thirty days.  (*Id.*)

Plaintiff timely submitted a USM-285 form, completed and with several additional required copies, along with three copies of the first amended complaint, all of which were received by the court on October 10, 2017.  (Doc. No. 93.)  On November 2, 2017, the magistrate

2

judge issued an order noting that plaintiff had returned the necessary service documents to the court, but had not returned precisely the same version of the USM-285 form that had been sent to him.  (Doc. No. 94.)  In particular, plaintiff had returned a different version of the same USM-285 form[1] with the aforementioned photocopies, rather than the version the court had sent, which included carbon copies that would make photocopying unnecessary.  Because of this, the magistrate judge directed plaintiff in the November 2, 2017 order to return the specific USM-285 form the court had sent, with carbon copies, within fourteen days.  (*Id.*)

Plaintiff did not return this original form to the court, and on December 7, 2017, the magistrate judge issued findings and recommendations recommending that this action be dismissed in its entirety due to plaintiff's failure to return the specific USM-285 form, with carbon copies, as ordered.  (Doc. No. 95.)  This recommendation is not appropriate within the context of this case and will be rejected.

In order for a court to dismiss a claim for failure to comply with a court order, the court must weigh the following five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  Even if some of these factors may weigh in favor of dismissal here, the fourth factor overwhelmingly does not.  There are numerous less drastic alternatives means to address plaintiff's failure to specifically comply with the court's order than the dismissal of the case in its entirety.

The least drastic alternative here—and the one the court will ultimately direct—is for the court to simply accept the photocopied USM-285 form which plaintiff returned, rather than insisting that a version with carbon copies be submitted.  The purpose of the USM-285 form is to provide the U.S. Marshals Service with necessary information so that they may carry out their

---

[1]  It appears from reviewing these forms that the one returned by plaintiff is indeed a more recent version of the USM-285 form that was revised in November 2013, whereas the one sent to him by the court was one last revised in December 2008.  The two forms appear to be substantively identical.

duty to serve defendants. *See* Fed. R. Civ. P. 4(c)(3); *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) ("[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint . . . ."). The court has compared the form returned by plaintiff with a blank version of the one initially forwarded to him. There is no apparent reason the version of the USM-285 form plaintiff provided was insufficient. It does not lack any information required by the U.S. Marshals to serve the defendant. Indeed, as mentioned, the forms appear to be substantively identical. Moreover, both versions of the form indicate specifically that "prior editions may be used." Dismissing this entire case, which has now been pending before the court for more than four years, because plaintiff returned the correct form— albeit a different version of that form—is simply not appropriate in the undersigned's view.

The next less drastic alternative would be for the court to dismiss only Nurse Faldon from the case. Aside from the claims alleged against Nurse Faldon, the action is proceeding on, at the very least, Eighth Amendment medical care claims against defendants Strome, Sao, Gill, and Rouch, who have appeared in and litigated this matter. (*See* Doc. No. 82 at 2 n.3.) Additionally, state law claims remain pending against even more defendants. (*Id.* at 3.) It would be inappropriate to dismiss this action against all defendants when plaintiff has adequately served all but one of those defendants.

In sum, the undersigned declines to adopt the findings and recommendations. Plaintiff's USM-285 form will be accepted, and the Clerk of the Court will be directed to provide the U.S. Marshals with this form so that they may attempt to serve defendant Nurse J. Faldon. In the event that the U.S. Marshals cannot use the USM-285 form provided because they require one with carbon copies instead of photocopies, the Clerk of the Court is directed to transcribe the information on the USM-285 form submitted by plaintiff onto the appropriate USM-285 form, and then submit that form to the U.S. Marshals.

Despite the conclusion reached above, the court is concerned that there is some reason to believe that plaintiff may have abandoned his prosecution of this action. Plaintiff did not respond to the magistrate judge's orders to show cause of August 16, 2017 and September 19, 2017. Although plaintiff did submit some documents for purposes of service of defendant Nurse Faldon

4

1  (*see* Doc. No. 93) on October 10, 2017, he filed no objections to the pending findings and

2  recommendations of December 7, 2017, in which the assigned magistrate judge recommended

3  dismissal of this entire action.  Indeed, other than those documents submitted by plaintiff with

4  respect to service on Nurse Faldon, it may be that the last document filed by plaintiff in this

5  action was his opposition to a motion to dismiss he filed on March 12, 2015, approximately three

6  years ago.  Under these circumstances, while the undersigned will not at this time adopt the

7  recommendation that this action be dismissed in its entirety, the court will require plaintiff to file

8  a written notice with the court that he wishes to continue to prosecute this case or dismiss it.

9      For the reasons set forth above:

10  1)  The court declines to adopt the findings and recommendations of December 7, 2017

11      (Doc. No. 95).  Plaintiff's USM-285 form will be accepted, and the Clerk of the Court

12      is directed to provide the U.S. Marshals with that form so that they may attempt to

13      serve defendant Nurse J. Faldon.  In the event that the U.S. Marshals cannot use the

14      USM-285 form provided by plaintiff because they require one with carbon copies

15      instead of photocopies, the Clerk of the Court is directed to transcribe the information

16      on the USM-285 form submitted by plaintiff onto the appropriate USM-285 form, and

17      then submit that form to the U.S. Marshals;

18  2)  Within twenty-eight (28) days of service of this order plaintiff is directed to file and

19      serve a notice in writing indicating whether he wishes to continue to prosecute this

20      action or instead wishes to voluntarily dismiss it.  Any failure on plaintiff's part to file

21      the written notice indicating his intentions as required by this order will result in the

22      dismissal of this action in its entirety due to his failure to prosecute and failure to

23      abide by the court's orders; and

24  /////

25  /////

26  /////

27  /////

28  /////

3) This case is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   **March 8, 2018**

_____
UNITED STATES DISTRICT JUDGE